T.C. Memo. 2003-169

UNITED STATES TAX COURT

DOUGLAS G. TURNIDGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1925-01.                    Filed June 10, 2003.

Douglas G. Turnidge, pro se.

<u>Nhi T. Luu-Sanders</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Additions to Tax | | |
|------|-----------|------------------|------------------|-----------|
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1996 | $10,679 | $2,402.78 | [1] | $568.41 |
| 1997 | 3,927 | 883.58 | [1] | 210.09 |
| 1998 | 5,084 | 1,143.90 | [1] | 232.62 |
| 1999 | 5,180 | 1,165.50 | [1] | 262.00 |

[1]In the notices of deficiency, respondent listed these amounts as "To Be Computed".

After concessions,[1] the issues for decision are: (1) Whether petitioner must include in gross income amounts received as compensation for services and as interest during the years in

---

[1]The notices of deficiency contain a number of adjustments for the years in issue. Respondent determined that for all years petitioner was required to include in gross income amounts received as compensation for services and as interest. Respondent also determined that petitioner was entitled to deductions in 1997, 1998, and 1999 for health insurance premiums paid, and that petitioner was entitled to deductions in all years in issue for certain expenses claimed on Schedule C, Profit or Loss From Business. Respondent further determined that for all years in issue petitioner was entitled to the standard deduction based on married filing separately status and to one personal exemption for himself. Finally, respondent determined that petitioner was liable for additions to tax under secs. 6651(a)(1) and (2) and 6654 for all years in issue. In the stipulation of facts and the supplemental stipulation of facts, the parties resolved most of the adjustments contained in the notices of deficiency and also agreed to other adjustments in petitioner's favor that were not contained in the notices. Specifically, respondent conceded that petitioner is entitled to: (1) An additional exemption deduction for his wife; (2) additional self-employment health insurance deductions; and (3) various itemized deductions (relating to property taxes, charitable contributions, medical expenses other than health premiums, and a tax preparation fee) rather than the standard deductions determined in the notices of deficiency. On brief, respondent concedes that petitioner is not liable for the additions to tax under secs. 6651(a)(2) and 6654 for the years in issue. The parties shall take the agreements contained in the stipulations and respondent's concessions into account in the Rule 155 computation.

issue; (2) whether petitioner is liable for the self-employment tax for the years in issue; (3) whether petitioner is entitled to a dependency exemption deduction for one of his daughters for the years in issue; and (4) whether petitioner is liable for the addition to tax under section 6651(a)(1)[2] for failing to timely file Federal income tax returns for the years in issue.

Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner resided in La Grande, Oregon, at the time he filed his petition.

During 1996, petitioner worked as a pipe layer and equipment operator in Eugene, Oregon. Petitioner initially performed this work as a consultant and then as an independent contractor. Petitioner received compensation for services of $38,000 in the taxable year 1996. During 1997, 1998, and 1999, petitioner worked for Blue Mt. Conservative Baptist Association's Camp Elkanah as a groundskeeper/maintenance supervisor. During these years, petitioner performed his work as an independent contractor. Petitioner received compensation for services of

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

$19,007, $22,412, and $23,295 in the taxable years 1997, 1998, and 1999, respectively.

Petitioner received interest of $11, $8, $9, and $8 in the taxable years 1996, 1997, 1998, and 1999, respectively.

During the years in issue, petitioner was married and resided with and supported his minor child, Jessy Turnidge (Jessy).[3]  For these years, Jessy was a dependent of petitioner within the meaning of section 152(a).[4]  Petitioner did not obtain a Social Security number (SSN) for Jessy during the years in issue.

Petitioner and his wife did not file Federal income tax returns for the years in issue.  On November 7, 2000, respondent issued a notice of deficiency to petitioner for the taxable years 1996, 1997, and 1998.  On the same date, respondent issued a separate notice of deficiency to petitioner for the taxable year 1999.  Petitioner timely filed a petition to this Court seeking a redetermination.

---

[3]Jessy Turnidge (Jessy) was born Oct. 13, 1993.

[4]Petitioner also has an older daughter, Jolivia Turnidge (Jolivia), who was born on Aug. 28, 1977.  Petitioner is not claiming a dependency exemption deduction for Jolivia for any of the years in issue.

Discussion[5]

Gross income includes income from whatever source derived, including compensation for services and interest. Sec. 61(a)(1), (4). The parties stipulated that petitioner received compensation for services of $38,000, $19,007, $22,412, and $23,295 in the taxable years 1996, 1997, 1998, and 1999, respectively. The parties further stipulated that petitioner received interest of $11, $8, $9, and $8 in the taxable years 1996, 1997, 1998, and 1999, respectively. Accordingly, petitioner must include these amounts in his gross income for the years in issue.

Section 1401 imposes a tax on the "self-employment income" of every individual. Section 1402(b) defines "self-employment income" as "net earnings from self-employment". Section 1402(a) generally defines "net earnings from self-employment" as gross income derived by an individual, less deductions allowed. It is well established that earnings derived from work as an independent contractor are "self-employment income" subject to the self-employment tax. E.g., Jackson v. Commissioner, 108 T.C. 130, 133-134 (1997); Simpson v. Commissioner, 64 T.C. 974 (1975).

[5]Our resolution of the issues related to petitioner's income and self-employment tax liabilities for the years in issue does not depend on who has the burden of proof in this case. With respect to the burden of proof for the sec. 6651(a)(1) addition to tax, see infra note 9 and the accompanying text.

The parties stipulated that petitioner worked as an independent contractor during the years in issue.[6]  Accordingly, we hold that petitioner is liable for the self-employment tax for the years in issue.

Petitioner argues that he is entitled to a dependency exemption deduction for Jessy for the years in issue.  On brief, petitioner claims that "The Social Security Number was and is not to be used as identification", and he questions how an SSN can be required for tax deduction purposes.

A taxpayer is generally entitled to claim an exemption for each child who qualifies as a dependent under sections 151 and 152.[7]  However, no exemption is allowed for any individual unless the taxpayer identification number (TIN) of the individual is included on the return claiming the exemption.  Sec. 151(e).[8]  A

---

[6]The parties stipulated that petitioner performed some work in 1996 as a consultant.  Respondent treated all of petitioner's 1996 earnings as self-employment income subject to the self-employment tax.  Petitioner does not dispute this treatment.

[7]Respondent is not arguing that Jessy was not a dependent of petitioner during the years in issue.

[8]Sec. 151(e) was added to the Code by the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1615(a)(1), 110 Stat. 1853, and is generally effective for returns due after Sept. 19, 1996, Miller v. Commissioner, 114 T.C. 511, 513 n.1 (2000).  However, for purposes of claiming a dependency exemption deduction for the 1996 taxable year, the SBJPA requires a TIN only for children born on or before Nov. 30, 1996.  SBJPA sec. 1615(d)(2), 100 Stat. 1853; Miller v. Commissioner, supra at 513 n.1.  Jessy was born on Oct. 13, 1993; therefore, the above exception does not apply in this case.

TIN is "the identifying number assigned to a person under section 6109." Sec. 7701(a)(41). The SSN issued to an individual is the identifying number, except as otherwise specified under applicable regulations. Sec. 6109(d). The regulations specify that an individual required to furnish a TIN must use an SSN unless the individual is not eligible to obtain an SSN or is required to use an employer identification number. Sec. 301.6109-1(a)(1)(ii)(A), (B), and (C), Proced. & Admin. Regs.

This Court has held that the SSN requirement is the least restrictive means of achieving the Government's compelling interests in implementing the Federal tax system in a uniform, mandatory way and in detecting fraud in regard to dependency exemptions. Miller v. Commissioner, 114 T.C. 511, 517-518 (2000). Without providing an SSN, a taxpayer cannot properly claim a section 151 dependency exemption deduction for his children. Id. at 513. Petitioner does not dispute that he did not file Federal income tax returns and did not provide an SSN for Jessy for the years in issue. Accordingly, we hold that petitioner is not entitled to the dependency exemption deduction for Jessy for the years in issue because he did not satisfy the requirements of section 151(e).

Section 6651(a)(1) imposes an addition to tax for the failure to file a required return on or before the specified filing date. The addition to tax is 5 percent of the amount

required to be shown as tax on the return, and an additional 5 percent is imposed for each additional month or fraction thereof during which the failure continues, but not to exceed 25 percent in the aggregate. Sec. 6651(a)(1). This addition to tax may be avoided only if the failure to file was due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245-246 (1985).

Under section 7491(c), the Commissioner must come forward with sufficient evidence to show that an addition to tax is appropriate.[9] Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, the Commissioner does not bear the burden of proof as to an addition to tax, and once the initial burden of production is met, the taxpayer must come forward with sufficient evidence to establish that the addition to tax does not apply. Id. at 447.

The parties stipulated that petitioner received compensation for services and interest (which were of amounts sufficient to require him to file Federal income tax returns), and that petitioner did not file Federal income tax returns for 1996, 1997, 1998, and 1999. Thus, we find that respondent has met his

[9]Sec. 7491 is effective with respect to court proceedings arising in connection with examinations commencing after July 22, 1998. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727. The evidence in the record does not indicate when the examination commenced in this case; however, the due dates, without extensions, for filing petitioner's returns for 1998 and 1999 were after July 22, 1998. Accordingly, sec. 7491(c) is applicable to at least some of the years in issue.

burden of production.  See, e.g., <u>Spurlock v. Commissioner</u>, T.C. Memo. 2003-124.  Petitioner did not specifically address his liability for the addition to tax, and the evidence in the record lacks any indication that his failure to file was due to reasonable cause and not willful neglect.  Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) for the years in issue.

<u>Decision will be entered under Rule 155</u>.